IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

DINNA M. WILSON                                                                                          PLAINTIFF

V.                                                                                 CIVIL ACTION NO. 3:18CV055-NBB-RP

NATIONAL GENERAL INSURANCE COMPANY
AND JOHN DOES 1-4                                                                                     DEFENDANTS

**ORDER**

This cause comes before the court upon the defendant's motion to dismiss, or to bifurcate plaintiff's extra-contractual damages, and motion to bifurcate punitive damages, as well as the defendant's motion to stay and for a protective order. Upon due consideration of the motions, responses, and applicable authority, the court is ready to rule.

This case involves insurance coverage issues and extra-contractual and punitive damages claims related to the defendant National General Insurance Company's handling of the plaintiff Dinna Wilson's claims arising from a motor vehicle accident between Wilson and an underinsured motorist, Janice Weeks, who is not a party to this action. On March 16, 2015, Weeks' vehicle rear-ended Wilson's at the intersection of Highway 6 and Stone Drive in Batesville, Mississippi, allegedly causing injuries to Wilson.

At the time of the accident, Weeks was insured by a $25,000 liability policy with Allstate Insurance. The plaintiff was insured by an automobile policy issued by the defendant National General Insurance Company ("NGIC"), which included liability coverage, medical payments coverage, and uninsured motorist coverage. The plaintiff's NGIC policy afforded an aggregate total of $300,000 of uninsured/underinsured motorist coverage per person. The plaintiff reported the wreck to NGIC on March 17, 2015. NGIC later determined that Weeks was at fault for the automobile accident.

The plaintiff was transported from the scene of the accident by ambulance to the local emergency room. She received follow-up care from her primary care physician and was referred to a neurosurgeon. She alleges that over the course of the next two and a half years she was treated for her injuries by physical therapists, neurosurgeons, orthopedists, and pain specialists. She alleges that as a result of the injuries sustained in the accident she had to undergo numerous outpatient nerve block procedures and neurosurgery on her cervical disk and has incurred medical bills totaling $90,775.47.

The plaintiff also alleges that during this time the defendant intentionally delayed the investigation of her claim, failed to communicate with her or her attorney, failed to provide a status of the claim, and asserted a waived subrogation right that caused her recovery from Weeks' Allstate coverage to be reduced by $4,333.00.

The plaintiff brought suit against NGIC in the Circuit Court of Panola County, Mississippi, on February 6, 2018. NGIC later removed the action to this court asserting diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. The plaintiff then filed her amended complaint in this court on April 12, 2018, asserting claims for breach of contract, breach of the duty of good faith and fair dealing, fraudulent and deceptive claims practices, civil conspiracy, fraudulent concealment, aiding and abetting, and gross negligence. She seeks compensatory and punitive damages.

The defendant now moves to dismiss the plaintiff's extra-contractual claims or to bifurcate and also to bifurcate punitive damages. The court finds that the plaintiff has alleged sufficient facts, which this court must accept as true, to state claims to relief that are plausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 278 (2009) (citing *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570 (2007)). The court finds no merit to the defendant's motion to dismiss extra-contractual damages, and it must be denied.

The court likewise finds no merit to the defendant's motion under Federal Rule of Civil Procedure 42(b) to bifurcate the plaintiff's breach of contract claim from her claims for extra-contractual damages and to conduct separate trials with separate juries on these claims. The issues the defendant proposes should be bifurcated are not "so distinct and separate from the others that a trial of [them] alone may be had without injustice." *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 305 (5th Cir. 1993) (explaining the standard for application of Rule 42(b) and recognizing "that inherent in the Seventh Amendment guarantee of a trial by jury is the *general right of a litigant to have only one jury pass on a common issue of fact*") (emphasis in original). The defendant's motion to bifurcate under Rule 42(b) will be denied.

The plaintiff consents to staged litigation under Miss. Code Ann. § 11-1-65 in which proof of compensatory and punitive damages will be separated into two phases of trial but with all issues to be be tried before one jury. The court will grant the motion for staged litigation pursuant to Miss. Code Ann. § 11-1-65.

As the defendant's motions for stay of discovery and for a protective order relate directly to the defendant's motion to bifurcate pursuant to Rule 42(b), which has been denied, said motions will likewise be denied. The court further finds that the requested relief will not serve the interests of justice or judicial economy.

It is, therefore, **ORDERED AND ADJUDGED** that the defendant's motion to dismiss or to bifurcate plaintiff's extra-contractual damages pursuant to Fed. R. Civ. P. 42(b) is **DENIED**; that the defendant's motion to bifurcate punitive damages pursuant to Miss. Code Ann. § 11-1-65

is **GRANTED**; that the defendant's motion to stay discovery is **DENIED**; and that the defendant's motion for a protective order is **DENIED**.

This 19th day of March, 2019.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE